# Perkiomen Avenue Passenger Railway Company's Appeal.

A preliminary injunction forbidding a street railway company whose charter permitted it to construct its road as far as the approach to the old Harrisburg bridge in the city of Reading from laying its rails upon the approach to the new bridge which replaced the old one, and the approach to which by extending farther than the former one encroached upon the company's rights, dissolved, in so far as it forbade relaying rails to the point to which they had extended before the building of the new bridge, and continued as to the part beyond that.

(Decided March 15, 1886.)

Appeal from a decree of the Common Pleas of Berks County continuing in force a preliminary injunction restraining the laying of a street passenger railway track upon the abutment of the Harrisburg bridge in the city of Reading. Modified.

The Perkiomen Avenue Passenger Railway Company was incorporated with authority to construct a street railway from Harrisburg bridge along Penn street to Eleventh street, etc. It accordingly laid its tracks, commencing, not at the foot of the bridge, but about 60 feet east therefrom. Subsequently the bridge was replaced by a new one, the approach to which extended much farther than the approach to the old one, and occupied the place where the terminus to the railway had been. The company was compelled to remove its tracks to allow the approach to be built; and, when it was about to relay them, a bill was filed which complained that the defendant was a corporation with authority to construct a single or double track railroad with the necessary turnouts, sidings, and switches from the Harrisburg bridge on Penn street, Reading, Pennsylvania, thence along Penn street and other streets named; that the county commissioners were constructing a bridge across the Schuylkill river at the foot of Penn street for public use, known as the Harrisburg bridge, and that the same was erected in place of the Harrisburg bridge mentioned in defendant's charter as its terminus; that the defendant was preparing to lay its tracks on said bridge and approach to a point west of Front street, where the Pennsylvania Schuylkill Valley Railroad Company was erecting a passenger depot; that such tracks would be an obstacle to travel and a public nuisance; that the defendant's track then terminated at the foot of the approach, and the laying of the tracks

as proposed was without authority of law. The bill prayed an injunction and general relief.

The answer admitted the authority of the defendant as set out in the bill, and averred that, under the said authority, act of April 3, 1873, the defendant had operated a street railway along said route since 1874, from a point near the foot of the approach of the old Harrisburg bridge as the same existed at the date of the charter; that the new bridge had a long elevated extension crossing those railroads not crossed by the old bridge, and extending up Penn street about 400 feet farther than the foot of the old approach upon a corresponding portion of defendant's right of way; that said extension was no part of the Harrisburg bridge mentioned in defendant's charter, nor erected in place of any corresponding part of said Harrisburg bridge, nor necessary to the same; that defendant proposed to lay its tracks only upon said new extension to the point of the foot of the approach of the old Harrisburg bridge, the terminus mentioned in its charter; that the public would suffer no inconvenience thereby; that the present tracks did not terminate at the foot of the approach of the new extension as alleged, but extended on the ground to a point near the foot of the old approach, though by reason of the construction of the new extension the tracks could not be used, and the only way of reaching the terminus as before is to relay the tracks upon the surface of the new extension; the answer further averred that the action of the plaintiff was an attempt to appropriate a portion of its corporate franchise, and denied the plaintiff's power and authority so to do.

The court below granted a preliminary injunction restraining the laying of the rails upon the approach to the bridge, and the railway company appealed.

*Isaac Hiester,* for appellant.—The streets of a city belong to the state at large. The commonwealth has an absolute control of them for public purposes, and "may dispose of them or control their use by their representatives at their pleasure." Philadelphia & T. R. Co.'s Case, 6 Whart. 25, 36 Am. Dec. 202; Atty. Gen. v. Lombard & S. Street Pass. R. Co. 1 W. N. C. 489; Branson v. Philadelphia, 47 Pa. 329; Southwark R. Co. v. Philadelphia, 47 Pa. 314; Faust v. Passenger R. Co. 3 Phila. 164.

The appellant, under its charter from the legislature, has a

right to maintain its tracks on Penn street from the Harrisburg bridge. By the narrowest construction, this grant is from the foot of the approach of the bridge as it existed at the date of the charter. See Com. v. Erie & N. E. R. Co. 27 Pa. 339, 67 Am. Dec. 471; Pittsburgh, V. & C. R. Co. v. Com. 101 Pa. 192.

A county has power to enter upon a public road for the purpose of building a bridge over a river, creek, or rivulet. Act of June, 1836, § 35 (P. L. 560).

But a county does not possess the power of eminent domain to take or destroy private property or corporate franchises, against the will of the owner (Freeze v. Columbia County, 6 W. N. C. 145); although it is liable for consequential damage in the construction of its works. Hendrick's Appeal, 13 W. N. C. 553; Brower v. Chester County, 1 Pa. Co. Ct. 1.

The taking of a corporate franchise at all events is only allowed in case of necessity, and the necessity for taking this franchise is not disclosed in the bill, and is denied in the answer. Pennsylvania R. Co.'s Appeal, 93 Pa. 150.

When, by special act, a railway company is authorized to lay its tracks on the streets of a town, such power cannot be abridged by a municipal ordinance. Pittston v. Pittston Pass. R. Co. 6 Luzerne Legal Reg. 223; West Philadelphia Pass. R. Co. v. Dougherty, 3 W. N. C. 62.

The action of the appellee is unlawful, in that it takes the property of the appellant without making or securing compensation. Const. art. 16, § 8.

Nothing short of the exercise of the power of eminent domain by a taking accompanied with compensation can defeat the right and franchise of a company to occupy a public highway with its railroad. Philadelphia & R. R. Co. v. Philadelphia, 47 Pa. 325.

*Benjamin F. Dettra, F. R. Schell,* and *H. Willis Bland,* for appellee.—The act of June 9, 1874, § 1 (P. L. 282), says that "the proper authorities of any county, city, town, or township of this state respectively be, and they are hereby, authorized and empowered to enter into contracts with any of the railroad companies whose roads enter their limits, respectively, whereby the said railroad companies may relocate, change, or elevate their railroads within said limits, or either of them, in such manner as in the judgment of such authorities respectively may be best adapted to secure the safety of lives and property, and promote the interest of said county, city, town, or township;

and for that purpose the said authorities shall have power to do all such acts as may be necessary and proper to effectually carry out such contracts. And any such contracts made by any railroad company or companies as aforesaid, with said authorities," etc.

The act of May 23, 1874, § 13 (P. L. 235), says: "The municipal authorities and courts having jurisdiction in any city of this commonwealth shall have exclusive control and direction of the opening, widening, narrowing, vacating, and changing grades of all streets, alleys, and highways within the limits of such city."

See Philadelphia v. Lombard & S. Street Pass. R. Co. 3 Grant Cas. 404; AMES, J., in Middlesex R. Co. v. Wakefield, 103 Mass. 263; Frankford & P. Pass. R. Co. v. Philadelphia, 58 Pa. 119, 98 Am. Dec. 242; 2 Dillon, Mun. Corp. § 719, and note 1.

Whatever rights and powers the appellant has are given by its charter, either expressly or impliedly, as necessary in strict furtherance of the object of its creation. Pittsburg & S. R. Co. v. Allegheny County, 79 Pa. 210; Diligent Fire Co. v. Com. 75 Pa. 295.

The powers of a corporation must be given in plain words or by necessary implication. All powers not given in this direct and unmistakable manner are withheld. A corporation takes nothing by construction. Com. v. Erie & N. E. R. Co. 27 Pa. 339.

Chief Justice TANEY in Perrine v. Chesapeake & D. Canal Co. 9 How. 182, 13 L. ed. 96, says "that a corporation created by statute is a mere creature of the law, and can exercise no powers except those which the law confers upon it or which are incident to its existence."

In Trenton Water Co.'s Case, 6 Pa. L. J. 32, it was held that private corporations take their franchises subject to the rights of individuals and communities; and the presumption of law is always against constructive grants of unconditional adverse privileges.

Mr. Justice WOODBURY in West River Bridge Co. v. Dix, 6 How. 543, 12 L. ed. 550, says that one corporation and its uses shall yield to another, or another public use under the supposed superiority of the latter and the necessity of the case.

Chesapeake & O. Canal Co. v. Baltimore & O. R. Co. 4 Gill & J. 108, 150; Barber v. Andover, 8 N. H. 398.

In Atty. Gen. v. Lombard & S. Street Pass. R. Co. 1 W. N. C. 489, 32 Phila. Leg. Int. 238, Judge ALLISON says: "The essential element of a grant of a right to construct a railway, as distinguished from a railroad, is the privilege of occupying, so far as is necessary, a street or road which has been taken for common or public use as a highway, with a track or tramway upon which to run the cars of the corporation. It is not a grant of exclusive privilege to use the street. The enjoyment of the use is in common with every other use to which it may of right be appropriated by the public, and, being in aid of the right of travel upon the highway, is entirely consistent with the essential purpose for which a road or street is established."

Corporations take those powers which are conferred upon them by the legislature and nothing more. The charter must be construed liberally as to the public and strictly as to the grantee. A power to take and use lands, etc., necessary for a canal does not give a right to take in fee the land thus occupied; it is a right of way for a single purpose only. Pittsburgh & L. E. R. Co. v. Bruce, 102 Pa. 23.

The modern doctrine is to consider corporations as having such powers as are specifically granted by the act of incorporation, or as are necessary for the purpose of carrying into effect the powers expressly granted, and as not having any other. 2 Kent, Com. 298; McMasters v. Reed, 1 Grant Cas. 48; People v. Utica Ins. Co. 15 Johns. 358, 8 Am. Dec. 243; Halstead v. New York, 3 N. Y. 430; Beaty v. Knowler, 4 Pet. 169, 7 L. ed. 820.

Powers that would impair vested rights are never raised by implication. Morris & E. R. Co. v. Newark, 10 N. J. Eq. 352; 2 Kent, Com. 298, 299; Berlin v. School Soc. 9 Conn. 180; New York Firemen Ins. Co. v. Ely, 5 Conn. 560, 13 Am. Dec. 100; Head v. Providence Ins. Co. 2 Cranch, 127, 2 L. ed. 229; People v. Utica Ins. Co. 15 Johns. 383, 8 Am. Dec. 243; Inland Fisheries Comrs. v. Holyoke Water Power Co. 104 Mass. 446, 6 Am. Rep. 247.

The rights of the public are never presumed to be surrendered to a corporation; therefore, unless the intention to surrender such rights clearly appears in the charter, it will be denied.

1 Wood, Railway Law, p. 12; Pennsylvania R. Co. v. Canal Comrs. 21 Pa. 22.

Legislative acts granting franchises to corporations are to be construed strictly according to their terms; and the grantee in such acts takes nothing by implication, either as against the power making the grant, or against other corporations or individuals. Providence Bank v. Billings, 4 Pet. 514, 7 L. ed. 939; Perrine v. Chesapeake & D. Canal Co. 9 How. 172, 13 L. ed. 92; Richmond, F. & P. R. Co. v. Louisa R. Co. 13 How. 71, 14 L. ed. 55; Pennock v. Coe, 23 How. 117, 16 L. ed. 436; Auburn & C. Pl. Road Co. v. Douglass, 9 N. Y. 444.

The construction of charters is most strongly against the corporations or persons claiming rights under them, and most favorable to the public. Johnson v. Philadelphia, 60 Pa. 445; Packer v. Sunbury & E. R. Co. 19 Pa. 211; Charles River Bridge v. Warren Bridge, 11 Pet. 421, 9 L. ed. 774.

A grant to a street railway of the right to use a street will be construed strictly against the corporation. Burns v. Multnomah R. Co. 8 Sawy. 543, 15 Fed. 177.

An act of incorporation is a compact between the public and the company; but the rights of the company are only such as the very terms of the enactment confer, and every ambiguity in them must operate against the company and in favor of the public. Dugan v. Bridge Co. 27 Pa. 309, 310, 67 Am. Dec. 464; Charles River Bridge v. Warren Bridge, 11 Pet. 421, 9 L. ed. 774.

A private corporation claiming franchises must show clearly that it is entitled to its claim; if the charter leaves the right doubtful, it will be resolved in favor of the commonwealth. Com. v. Central Pass. R. Co. 52 Pa. 506.

The approach to a bridge and the bridge are both parts of the highway. A bridge is incomplete until everything necessary for use has been applied, and every such appliance is part of the bridge. Penn Twp. v. Perry County, 78 Pa. 459.

At common law the approaches to a bridge are to be made by the county. Shearm. & Redf. Neg. p. 294, § 252.

Bridge imports not only the structure over the stream, but its approaches. Id. p. 295, § 253.

PER CURIAM:

This preliminary injunction is modified as follows: In so

far as it enjoins against relaying the rails to the former end of the track on the east side of Front street, the injunction is dissolved; beyond that the injunction is continued until final decree.

Thus modified the decree is affirmed, and the appeal dismissed, each party to pay one half the costs of this appeal.